■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WAYNE F. BARNER, Appellant.— Appeals from a judgment of conviction of the County Court, Schenectady County, and from an order of the same court denying appellant's motion to vacate that judgment of conviction on the grounds it was procured by mistake or misrepresentation. On June 18, 1971 appellant pleaded guilty to a charge of burglary in the third degree in full satisfaction of a pending indictment charging him with burglary in the third degree and petit larceny. On August 2, 1971 appellant was sentenced to an indeterminate period not exceeding five years in the Clinton Correctional Facility. Appellant's position is that it was agreed by both the prosecutor and the Trial Judge that if he pleaded guilty he would only be sentenced to one year in the county jail. His attorney in a sworn affidavit supports appellant's position. Of course, if such a commitment were made it was required to have been met (*Santobello* v. *New York*, 404 U. S. 257). Nevertheless, the Trial Judge denied the motion to vacate the judgment of conviction without a hearing. There was no basis for the denial of a hearing solely on the ground of appellant's signed or oral statements that no promise had been made on the plea in view of the appellant's and his attorney's sworn statements. Moreover, the prosecution could not be sure that no commitment had not been made. Nor did the Trial Judge himself indicate any definite recollection of what had transpired. Accordingly, a hearing should be held before another Judge for a determination on the basis of all the proof submitted (*People* v. Parham, 22 A D 2d 797). Judgment affirmed. Order reversed, on the law and the facts, and matter remitted to the County Court, Schenectady County, with direction that a hearing be held before a Judge other than the Trial Judge. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.